[No. C042540. Third Dist. Feb. 27, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER ALLEN BURNETT, Defendant and Appellant.

[CERTIFIED FOR PARTIAL PUBLICATION*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

David L. Saine, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, and Virna L. DePaul, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**RAYE, J.**—Defendant Christopher Allen Burnett entered into a negotiated plea of no contest to first degree residential burglary (Pen. Code, § 459) in case No. 01F07196, to lewd or lascivious acts upon a child under the age of 14 by use of force (Pen. Code, § 288, subd. (b)(1)) in case No. 01F07196, and to driving under the influence of alcohol and causing injury (Veh. Code, § 23153, subd. (b)) in case No. 01F07701.[1] In exchange for his plea, the remaining charges and enhancements were dismissed.

The trial court sentenced defendant to an aggregate term of 15 years in state prison, comprised of the middle term of four years for the burglary, the upper term of eight years for the lewd acts, and the upper term of three years for driving under the influence, each being a full and consecutive term. He was given credit for 348 days of actual custody and 52 days of conduct credit (§ 2933.1), for a total of 400 days of credit in case No. 01F07196. The trial court imposed restitution fines of $2,400 in case No. 01F07196 and $200 in case No. 01F07701 (§ 1202.4) and suspended additional restitution fines in the same amounts pending successful completion of parole (§ 1202.45). The trial court imposed a $10 crime prevention fine (§ 1202.5) and awarded victim restitution in an amount to be determined. Defendant was ordered to submit samples pursuant to section 296 and to register as a sex offender pursuant to section 290.

Defendant appeals. The trial court granted his request for a certificate of probable cause. (§ 1237.5.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

■ Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. In the published portion of this opinion, we hold that the trial court's failure to impose a sex offender fine pursuant to section 290.3 is not an unauthorized sentence subject to correction on appeal absent an objection by the People in the trial court. In the unpublished portion of this opinion, we order several corrections to the amended abstract of judgment.

I

Section 290.3, subdivision (a) provides in pertinent part: "Every person who is convicted of any offense specified in subdivision (a) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for violation of the underlying offense, be punished by a fine of two hundred dollars ($200) upon the first conviction or a fine of three hundred dollars ($300) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine."

Although defendant was convicted of lewd or lascivious acts upon a child under the age of 14 by use of force (§ 288, subd. (b)(1)), an offense specified in section 290, subdivision (a), the trial court did not impose a sex offender fine pursuant to section 290.3. The trial court made no findings on the record regarding defendant's ability to pay the fine and the People made no objection at sentencing.

In response to our request for supplemental briefing on whether the failure to impose the sex offender fine constituted an unauthorized sentence, defendant argues we must presume the trial court made the requisite finding that he did not have the ability to pay, and therefore the failure to impose the fine was not unauthorized. The People contend that the sex offender fine is mandatory and the trial court's failure to impose it is an unauthorized sentence subject to correction at any time. We agree with defendant.

■ An unauthorized sentence may be corrected at any time whether or not there was an objection in the trial court. (*People v. Smith* (2001) 24 Cal.4th 849, 854 [102 Cal.Rptr.2d 731, 14 P.3d 942] (*Smith*).) "[A] sentence

is generally 'unauthorized' where it'could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040] (*Scott*).) In such circumstances, "[a]ppellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*Ibid.*)

"Under the statutory language of section 290.3, imposition of the fine is mandatory, 'unless the court determines that the defendant does not have the ability to pay the fine.' This language certainly indicates that consideration of the defendant's ability to pay is a factor to be considered in imposing the fine." (*People v. McMahan* (1992) 3 Cal.App.4th 740, 749 [4 Cal.Rptr.2d 708] (*McMahan*).)

█ Section 290.3 does not limit the evidence the trial court may consider in determining a defendant's ability to pay the sex offender fine. Consequently, the trial court may consider all evidence relevant to ability to pay, including the amount of any fine or restitution ordered and the defendant's potential future income. Following a consideration of the facts and after concluding the defendant does not have the ability to pay, the trial court may properly decline to impose the sex offender fine. There is no statutory requirement that the court state its findings on the record.

█ Because factual issues come into play in determining whether a defendant has the ability to pay the section 290.3 fine, the failure to impose the fine is "not correctable without considering factual issues presented by the record or remanding for additional findings." (*Smith, supra,* 24 Cal.4th at p. 853.) On a silent record, we presume the trial court determined that defendant did not have the ability to pay and thus should not be compelled to pay the fine. (See *People v. Moran* (1970) 1 Cal.3d 755, 762 [83 Cal.Rptr. 411, 463 P.2d 763] (*Moran*); *People v. Young* (1991) 228 Cal.App.3d 171, 186 [278 Cal.Rptr. 784].) This presumption is a logical extension of the rule "concerning the presumption of regularity of judicial exercises of discretion apply[ing] to sentencing issues." (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496 [62 Cal.Rptr.2d 268] (*Mosley*); accord, *Moran, supra,* 1 Cal.3d at p. 762.) We presume the court lawfully performed its duty in imposing sentence. (Evid. Code, § 664; *Mosley, supra,* 53 Cal.App.4th at p. 496.) For example, in *People v. Clark* (1992) 7 Cal.App.4th 1041, 1050 [9 Cal.Rptr.2d 726], where a drug program fee (Health & Saf. Code, § 11372.7) was imposed but the record was silent as to the defendant's ability to pay, the Court of Appeal presumed the trial court found the defendant had the ability to pay the fee. On a similarly silent record, the Court of Appeal in *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516–1518 [77 Cal.Rptr.2d 492] held that a judgment that fails to impose the drug program fee is not a legally

unauthorized judgment because it is presumed the trial court found the defendant did not have the ability to pay.

The People's reliance on the holding in *McMahan, supra,* 3 Cal.App.4th 740, that the section 290.3 fine is mandatory and that it is the defendant's burden to show inability to pay is unavailing. In *McMahan*, the probation report recommended imposition of the sex offender fine pursuant to section 290.3. The defendant raised no objection and made no attempt to show he did not have the ability to pay the fine. (*McMahan, supra,* 3 Cal.App.4th at p. 750.) At sentencing, the trial court imposed the fine. (*Id.* at p. 748.) On appeal, the defendant claimed the fine was improperly imposed because the trial court did not first make a finding that he had the ability to pay. (*Ibid.*) The Court of Appeal held that the trial court is not required to first determine the defendant's ability to pay before the defendant can be ordered to pay the fine, but rather, it is the defendant's burden to affirmatively argue against the application of the fine and demonstrate why it should not be imposed— otherwise, the issue is waived. (*Id.* at pp. 749–750.)

The People extract from this holding a requirement that a defendant must raise the issue of ability to pay before the trial court. A failure to impose the fine cannot be sustained on a silent record. Because defendant in this case did not argue or establish that he would be unable to pay the sex offender fine, the failure to impose the fine is an unauthorized sentence.

The People's argument ignores the obvious differences between this case and *McMahan.* The court in *McMahan* applied a well-established rule of appellate review: a defendant who fails to object to a proposed punishment or present contrary evidence at trial waives the right to object on appeal. In this case, however, no one proposed that the fine be imposed, the court did not impose it, and defendant does not object on appeal. Indeed, a more plausible application of *McMahan* to the present case would be to hold the People are barred from raising the issue by the failure to object at trial. (Cf. *People v. Tillman* (2000) 22 Cal.4th 300, 302 [92 Cal.Rptr.2d 741, 992 P.2d 1109].)

Whether a finding of defendant's ability to pay is a condition precedent to imposition of the fine, a question considered critical in *McMahan* where the imposition of the fine was challenged, is not dispositive in the present case where the fine was not imposed. It is undisputed that the trial court is not required to impose the fine if it concludes, based on the facts in the case, that the defendant does not have the ability to pay the fine.

We conclude, therefore, that the omission of a sex offender fine pursuant to section 290.3 on a silent record does not constitute an unauthorized sentence that may be corrected on appeal. We presume the trial court made therequisite findings to support its judgment.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment referencing conviction under Vehicle Code section 23153, subdivision (b); showing that defendant was ordered to register as a sex offender pursuant to Penal Code section 290; and checking the Penal Code section 2933.1 box. The trial court shall forward a certified copy of the amended abstract to the Department of Corrections.

Blease, Acting P. J., and Morrison, J., concurred.

A petition for a rehearing was denied March 24, 2004, and the opinion was modified to read as printed above.

---

*See footnote, *ante*, page 257.