Filed 10/9/13  P. v. Manzilla CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DANIEL MANZILLA, <br><br> Defendant and Appellant. | D063049 <br><br><br> (Super. Ct. No. SCD236566) |

APPEAL from a judgment of the Superior Court of San Diego County, Charles R. Gill, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General and Charles C. Ragland, Deputy Attorney General, for Plaintiff and Respondent.

In September 2011, Daniel Manzilla committed an assault. In September 2012, he pled guilty to assault by means of force likely to cause great bodily injury (Pen. Code,[1] former § 245, subd. (a)(1)) for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). In October 2012, the court struck the gang enhancement and sentenced Manzilla to the lower two-year prison term. Manzilla appeals, contending that the ex post facto clause requires that the restitution fine (§ 1202.4) and the parole revocation fine (§ 1202.45) each be reduced from $240 to $200.

Effective January 1, 2012, section 1202.4, subdivision (b)(1) was amended to state: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000) . . . ." (*People v. Kramis* (2012) 209 Cal.App.4th 346, 349 fn. 2.) Previously, section 1202.4, subdivision (b)(1) provided for a restitution fine "set at the discretion of the court and commensurate with the seriousness of the offense, but . . . not . . . less than [$200], and not more than [$10,000]." (§ 1202.4, former subd. (b)(1).) The parole revocation fine must be the same amount as the restitution fine. (§ 1202.45.)

---

[1] All further statutory references are to the Penal Code.

Manzilla speculates that the court intended to impose restitution and parole revocation fines in the amount of $200, the statutory minimum at the time of his offense, but mistakenly imposed the minimum amount specified in the amended version of section 1202.4, subdivision (b)(1), which was the statutory minimum at the time he was sentenced.

The $240 fines were within the statutorily authorized range, both at the time of the offense and at the time of sentencing. Manzilla did not object to the fines in the court below and has thus forfeited his right to do so on appeal. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.) Further, because the record is silent concerning the court's reasons for imposing $240 fines, we presume that the court was aware of, and properly exercised, its discretion. (*People v. Burnett* (2004) 116 Cal.App.4th 257, 261.)


DISPOSITION

The judgment is affirmed.


AARON, J.

WE CONCUR:


HUFFMAN, Acting P. J.


NARES, J.


3