Filed 5/28/14  P. v. Acuna CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C072848 |
| Plaintiff and Respondent, | (Super. Ct. No. SF117622A) |
| v. | |
| JULIANO VITO ACUNA, | |
| Defendant and Appellant. | |

A jury convicted defendant Juliano Vito Acuna of assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and found he personally inflicted great bodily injury (GBI) (former § 12022.7, subd. (a)).  In bifurcated proceedings, defendant admitted a strike prior for a 2009 robbery.  (§§ 667, subd. (b)-(i); 1170.12.)  The court sentenced defendant to state prison for an aggregate term of seven

---

[1]    Undesignated section references are to the Penal Code.

1

years, that is, the low term of two years, doubled for the strike prior, plus three years for the enhancement.

Defendant appeals. He contends the trial court was unaware of its ability to strike the GBI enhancement, requiring remand for resentencing. He also contends counsel rendered ineffective assistance in failing to properly advise the trial court of its sentencing option to strike the enhancement. We reject defendant's contentions.

FACTS

On May 24, 2011, while the 18-year-old defendant was housed at a juvenile facility for his robbery conviction, he physically assaulted a much smaller, fellow ward, 15-year-old Z.V., after an outside recreation program had ended. The two were in a group and had been ordered to line up single file and return to the dorm area. As they walked forward, defendant approached Z.V. from behind and struck him in the jaw with a closed fist. Z.V. lost consciousness and fell to the ground. Besides losing consciousness, Z.V. suffered a head wound requiring four stitches and several chipped teeth which required dental crowns. He also had pain in his collarbone. Z.V. remained in the medical facility for a week and suffered headaches for several days. Defendant was examined and found to have redness on his knuckles.

The youth correctional counselor who had watched the wards outside did not observe any problems between defendant and Z.V. before the attack. In a group counseling session several hours before the assault, defendant had given an example of intimidation, claiming Z.V. had said something to defendant. Defendant then laughed, as did the other wards, with the exception of Z.V. Z.V. denied he had said anything to defendant. The counselor did not interpret defendant's comments as being a threat to Z.V. or that Z.V. had threatened defendant.

Defendant claimed self-defense. Defendant asserted that approximately five hours after the group counseling session, Z.V. threatened to kill defendant and had a "prison-made shank." Later, after the recreation program had ended and the group had lined up

2

to return to the dorm area, defendant claimed Z.V. was holding something at his side. Defendant struck Z.V. before Z.V. could strike defendant.

DISCUSSION

I

Defendant contends that the trial court was unaware of its discretion to strike the GBI enhancement pursuant to section 1385 and had the court recognized such discretion, it is reasonably probable the court would have stricken the enhancement.[2] We reject defendant's contention, concluding the record does not support his claim the court was unaware of its discretion.

*Background*

The probation report recommended denial of probation and a sentence to state prison. At sentencing, defense counsel requested the low term for the offense and a concurrent term on the GBI enhancement. The trial court responded that it did not think it could run the enhancement concurrently. Defense counsel then asked for a stay on the enhancement. The court inquired, "Under what authority could I stay it?" Defense counsel stated she believed there was authority. The court then inquired as to the prosecutor's position on the sentence. With respect to the GBI enhancement, the prosecutor argued that the severity of the victim's injuries, including the laceration and

---

**2** Although the heading for the argument refers to the trial court's power to "stay" the GBI enhancement, the discussion refers to the trial court's power to "strike" the GBI enhancement. "A trial court possesses no independent jurisdiction to stay a sentence. [Citations.] A trial court does have the authority to stay the execution of a sentence under specified legal circumstances: section 654, subsection (a) (section 654) to avoid impermissible double punishment; to comply with limitations on imposition of multiple enhancements [citations]; and to grant probation. [Citation.] Absent these statutory or rule-promulgated delineated grounds, a trial court has no generalized jurisdiction to stay a portion of a sentence. [Citations.]" (*People v. Vega* (2013) 214 Cal.App.4th 286, 295.) We address the argument as referring to the trial court's power to "strike" the enhancement, not to stay the enhancement.

3

chipped teeth, supported imposition of the GBI enhancement.  The court later imposed a consecutive term for the enhancement.

*Analysis*

"It is well established that, as a general matter, a court has discretion under section 1385, subdivision (c), to dismiss or strike an enhancement, or to 'strike the additional punishment for that enhancement in the furtherance of justice.' " (*People v. Meloney* (2003) 30 Cal.4th 1145, 1155, fn. omitted; see also *In re Renfrow* (2008) 164 Cal.App.4th 1251, 1254-1256 [the trial court failed to impose or strike the GBI enhancement, an unauthorized sentence subject to correction].)[3]

Defendant waived the right to raise the issue on appeal by not requesting that the court strike the enhancement at the time of sentencing.  (*People v. Scott* (1994) 9 Cal.4th 331, 351-352.)  In any event, defendant has failed to demonstrate on this record that the trial court was unaware of its authority to strike the enhancement.

---

[3]     "Until 1998, . . . section 1170.1, subdivision (h), provided:  'Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in subdivision (c) of Section 186.10 and Sections 667.15, 667.5, 667.8, 667.85, 12022, 12022.1, 12022. 2, 12022.4, 12022.6, 12022.7, 12022.75, and 12022.9, or the enhancements provided in Section 11370.2, 11370.4, or 11379.8 of the Health and Safety Code, if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment.' (Stats. 1993, ch. 611, § 17.98, pp. 3544-3545 . . . .)  [¶]  The Legislature repealed this subdivision of the Penal Code effective January 1, 1998, stating at the time:  'In repealing subdivision (h) of Section 1170.1, which permitted the court to strike the punishment for certain listed enhancements, it is not the intent of the Legislature to alter the existing authority and discretion of the court to strike those enhancements or to strike the additional punishment for those enhancements pursuant to Section 1385, except insofar as that authority is limited by other provisions of the law.' (Stats. 1997, ch. 750, § 9.)" (*People v. Meloney, supra,* 30 Cal.4th at pp. 1155-1156, italics omitted.)

Section 1203.075 limits the trial court's authority to strike a GBI enhancement in connection with certain offenses.  Defendant's offense, assault by means of force likely to produce great bodily injury, is not listed.  Thus, the trial court's authority was not limited here.

4

"A fundamental principle of appellate practice is that an appellant ' "must affirmatively show error by an adequate record. . . . Error is never presumed. . . . 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' (Orig. italics.)" [Citation.]' [Citations.]" (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532-1533; Evid. Code, § 664; *People v. Burnett* (2004) 116 Cal.App.4th 257, 261; *People v. Duran* (2002) 97 Cal.App.4th 1448, 1461, fn. 5.) We thus do not infer from the trial court's failure to refer expressly to section 1385 that the court did not consider it.

The record does not show any mistaken belief by the trial court. The court merely stated it did not believe former section 12022.7 allowed for concurrent sentencing and asked for authority when counsel stated the trial court could "stay" it. This says nothing about the court's discretion to strike the enhancement. The court's statements do not disclose a belief on the part of the trial court that it had no discretion to strike the enhancements. We reject defendant's claim that the trial court was unaware of its discretion to strike the GBI enhancement.

II

Defendant contends counsel rendered ineffective assistance by failing properly to advise the trial court of its sentencing option to strike the GBI enhancement pursuant to section 1385. We reject defendant's contention.

To establish ineffective assistance of counsel, defendant must demonstrate counsel's performance was deficient and that defendant suffered prejudice as a result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692 [80 L.Ed.2d 674, 693, 696] (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218 (*Ledesma*).) To demonstrate deficient performance, defendant must show that counsel "failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates." (*People v. Pope* (1979) 23 Cal.3d 412, 425.)

Where defendant has failed to demonstrate prejudice, we need not determine whether counsel's performance was objectively deficient. (*Strickland, supra*, 466 U.S. at p. 697; *In re Cox* (2003) 30 Cal.4th 974, 1019-1020.) "Generally, . . . prejudice must be affirmatively proved." (*Ledesma, supra*, 43 Cal.3d at p. 217.) To demonstrate prejudice, defendant must show that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" (*Id*. at pp. 217-218; *People v. Williams* (1997) 16 Cal.4th 153, 215.)

Defendant argues prejudice is shown by the fact that counsel successfully argued for imposition of the mitigated term for the offense, relying on defendant's lifestyle changes since the offense. Defense counsel argued that defendant had been accepted in an incentive program, volunteered in assisting around the living unit, applied for gang tattoo removal, decreased his risk to offend and increased his positive factors related to social influence, cognitive skills, violence/aggression, education and attitude. Probation included several certificates of completion of programs and letters from family and friends offering to help defendant change his life. On appeal, defendant argues that "the GBI enhancement finding was borderline at best, even if supportable" under case law.

We conclude that defendant has failed to demonstrate prejudice. This was not an unusual case where the interests of justice would have justified striking the GBI enhancement. Defendant, a documented Norteño gang member, was in juvenile custody for a robbery. Defendant physically assaulted a much younger and smaller ward. Defendant attacked the victim without any cause or provocation and blindsided the victim, who was unarmed, vulnerable and defenseless. The victim's injuries were substantial and included a loss of consciousness, a laceration requiring stitches, pain, chipped teeth requiring dental crowns, and a hospital stay of a week, with ongoing headaches. Although the court imposed the low term for the offense, the court doubled

6

that term based on the strike prior.  We conclude that there is no reasonable probability that the trial court would have stricken the GBI enhancement had defense counsel so requested.

DISPOSITION

The judgment is affirmed.


                                              NICHOLSON                , J.


We concur:


        RAYE                , P. J.


        HOCH                , J.