Filed 9/23/15  P. v. Roland CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAMAURGINALD ROLAND,<br><br>    Defendant and Appellant. | B257294<br><br>(Los Angeles County<br>Super. Ct. No. BA400446) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rand S. Rubin, Judge.  Affirmed.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Blythe J. Leszkay, Deputy Attorney General, for Plaintiff and Respondent.

————————————

At a hearing on June 24, 2013, Lamaurginald Roland pleaded no contest to one felony count of assault with a firearm (Pen. Code, § 245 subd. (a)(2)[1]), admitted the allegation that he personally used a firearm in commission of the felony (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)), and was sentenced to a total of seven years in state prison. During advisement and before Roland entered his plea, the prosecutor stated, "In addition to your sentence, the court will impose a restitution fine. This fine ranges from $280 to $10,000." After accepting the plea, the court stated, "The defendant will pay a $280 restitution fund fine." Roland's attorney did not object to the prosecutor's statement or to the amount of the fine imposed. Roland received custody and good time/work time credits, and was assessed a $280 restitution fund fine along with other assessments and fees.

Roland filed a late notice of appeal on July 2, 2014, and on January 6, 2015, this court ordered the Los Angeles Superior Court to accept the appeal as timely filed. The superior court granted Roland's request for certificate of probable cause.

On appeal Roland argues that the restitution fund fine of $280 was ex post facto. While $280 was the minimum fine at the time of the hearing in June 2013, the minimum amount at the time Roland committed the crime on July 18, 2012 was $240.

Effective January 1, 2012, section 1202.4, subdivision (b)(1), was amended to state: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000) . . . ." If the court sets the amount of the fine in excess of the minimum, the court is to consider any relevant factors, including the defendant's inability to pay and the gravity of the offense, but "[e]xpress findings by the court as to the factors bearing on the

---

[1] All further statutory references are to the Penal Code.

amount of the fine shall not be required," and no separate hearing is necessary. (§ 1202.4, subd. (d).)

Roland argues that the court intended to impose a restitution fund fine in the statutory minimum amount at the time of his offense ($240), but given the prosecutor's statement that restitution could range from $280 to $10,000, the court mistakenly believed that the minimum was $280, the statutory minimum at the time he was sentenced.

Roland's counsel did not object to the fine in the trial court and thus Roland has forfeited his right to raise the issue on appeal. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218; *People v. Gamache* (2010) 48 Cal.4th 347, 371; *People v. White* (1997) 55 Cal.App.4th 914, 917.) He contends that the exception for unauthorized sentences applies (see *People v. Garcia*, *supra*, 185 Cal.App.4th at p. 1218), but the $280 amount was authorized under the statute both at the time of his offense and at the time of sentencing. "The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive. Here, because defendant did not object to the amount of restitution in the trial court, he forfeited our consideration of the issue on appeal." (*Ibid.*) Further, the record is silent regarding the court's reasons for imposing a $280 restitution fund fine, and so we presume that the court was aware of, and properly exercised, its discretion to impose the $280 fine. (*People v. Burnett* (2004) 116 Cal.App.4th 257, 261.) The court never stated it would impose or was imposing the minimum fine and the prosecutor, not the court, gave the minimum amount as $280. We will not presume the court also considered $280 to be the minimum. (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) We note that at the court's suggestion, just after the court accepted the plea and just before the court pronounced the sentence including the restitution fine, the parties stipulated that the trial court could use the preconviction report for sentencing purposes, and that report states (incorrectly) that the minimum fine was an even lower $200.

Roland also argues his attorney provided ineffective assistance of counsel by failing to object. He bears the burden to show that his counsel's performance was below an objective standard of reasonableness under professional standards, and that without counsel's error, it was reasonably probable that the result would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688 [104 S.Ct. 2052, 80 L.Ed.2d 674].) We defer to the tactical decisions of counsel, rejecting a claim of ineffective assistance unless there is no conceivable tactical purpose for counsel's actions, particularly when the challenged action is a failure to object. (*People v. Salcido* (2008) 44 Cal.4th 93, 172.) Roland's counsel may have decided not to object because he believed an objection focusing on a $40 difference in the minimum would have led to an increased fine. Roland has not shown a reasonable probability of a more favorable result had his counsel objected to the $280 restitution fund fine.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.


4