Filed 1/31/23  P. v. Moody CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LEWIS MOODY,<br><br>    Defendant and Appellant. | H049039<br>(Santa Clara County<br>Super. Ct. No. C1897760) |

## I.  INTRODUCTION

Defendant Robert Lewis Moody pleaded no contest to forcible rape (Pen. Code, § 261, subd. (a)(2)),[1] false imprisonment (§ 236), pandering (§ 266i, subd. (a)(1)), and five counts of human trafficking (§ 236.1, subd. (b)).  The trial court sentenced defendant to 17 years 4 months in prison.  The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (§ 1202.45), a $300 fine (§ 290.3) plus $930 in penalty assessments, a $320 court operations assessment (§ 1465.8), a $240 court facilities assessment (Gov. Code, § 70373; also referred to as a criminal conviction assessment), and a $129.75 criminal justice administration fee (former Gov. Code, §§ 29550-29550.2).  However, after defendant raised an inability-to-pay objection, the trial court stayed the court operations assessment, the criminal

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

conviction assessment, and the criminal justice administration fee until the district attorney established defendant's ability to pay them.

On appeal, defendant contends first that the abstract of judgment should be amended to remove the criminal justice administration fee. Defendant next challenges the imposition of the $300 fine under section 290.3 and the $930 in penalty assessments, asserting that he lacked the ability to pay the $300 fine and thus neither the fine nor the penalty assessments should have been imposed. Finally, defendant asserts that imposing the $300 restitution fine under section 1202.4 and the corresponding suspended parole revocation restitution fine under section 1202.45 violated his right to due process under the Fourteenth Amendment and the California Constitution, citing the Second District Court of Appeal's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

For reasons that we will explain, we determine that defendant fails to show error in the imposition of the ordered amounts. We will, however, (1) vacate the portion of the $129.75 criminal justice administration fee that remained unpaid as of July 1, 2021, (2) order the abstract of judgment amended to reflect the vacatur, and (3) affirm the judgment as amended. (See Gov. Code, § 6111, subd. (a).)

## II. BACKGROUND

Defendant only raises issues on appeal relating to the fines and fees included in his sentence. Thus, the underlying facts regarding his charged offenses need not be detailed here and we proceed directly to discussion of facts relevant to these fines and fees.

### A. *The Probation Report*

The probation report does not contain great detail about defendant's charged offenses or his financial status, both because defendant pleaded no contest pursuant to a plea agreement and because the report notes that defendant declined to provide social data to the probation officer. The report noted that defendant was in his late fifties. Defendant admitted to the probation officer that he was guilty of " 'pimping and pandering,' " but he denied being a " 'rapist.' " The probation officer reported that

2

"over the course of at least five years, [defendant] engaged in the human trafficking of five different women for the purposes of prostituting them for his financial gain." One of defendant's human trafficking victims reported to police that over a five-year period, she provided defendant "all of the money she made from prostituting herself." According to the summary of defendant's offenses in the probation report, which was based on a police report, defendant had an apartment and a vehicle. The probation report contained no further information about defendant's financial status.

The probation officer recommended that defendant be confined for 17 years 4 months, and that defendant pay various amounts, including "[r]estitution as determined by the Court, including but not limited to $1,734.88 to California Victim Compensation Board," with this restitution collected from defendant's earnings in prison or while on parole or post-release community supervision. Additionally, the probation officer recommended a restitution fine of "$300 be imposed under the formula permitted by Penal Code Section 1202.4(b)(2),"[2] along with a suspended parole revocation restitution fine of an equal amount (§ 1202.45), a fine of $300 (§ 290.3) plus penalty assessments, a $320 court security fee (now known as the court operations assessment; § 1465.8), a $240 criminal conviction assessment (Gov. Code, § 70373), and a $129.75 criminal justice administration fee (former Gov. Code, §§ 29550-29550.2.)

B. *Sentencing*

The sentencing hearing took place on October 14, 2020. The trial court sentenced defendant to confinement for 17 years 4 months. The trial court also imposed the recommended fines and fees, including the restitution fine of $300, which is the minimum amount specified by section 1202.4, subdivision (b)(1), with a suspended

---

[2] Section 1202.4, subdivision (b)(2) states: "In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine . . . multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." The minimum fine for a felony conviction is $300. (*Id.*, subd. (b)(1).)

parole revocation restitution fine in an equal amount imposed under section 1202.45, subdivision (a).[3]  The trial court then directed that a "fine of $300 plus penalty assessment will be imposed, pursuant to Section 293 [sic] of the Penal Code."[4]  Finally, the trial court imposed the $320 court operations assessment, the $240 criminal conviction assessment, and the $129.75 criminal justice administration fee.

Defense counsel then stated, "Your Honor, I'd ask the court to waive or stay any fines and fees that the court does not need to impose.  [¶]  My client does not have the ability to pay.  He is indigent."  The trial court responded by ordering that the $320 court operations assessment, the $240 criminal conviction assessment, and the $129.75 criminal justice administration fee "be stayed until proved by the district attorney of ability to pay."  The trial court took no further action regarding the remaining fines and fees, and defense counsel raised no further objection or statement regarding the fines and fees imposed.

## C. *Defendant's Postsentencing Requests*

In April 2022, defendant's appellate counsel wrote the trial court pursuant to section 1237.2,[5] requesting three actions regarding the imposed fines and fees.  Counsel

[3] The reporter's transcript indicates that the trial court stated section 1203.45 as the basis for the suspended parole revocation restitution fine, not section 1202.45.  However, the abstract of judgment cited the correct provision as the basis for this suspended fine.

[4] While the reporter's transcript records the section as "293," the abstract of judgment cites the correct provision, section 290.3.

[5] Section 1237.2 provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

requested that the trial court "order correction of the minutes and the abstract of judgment to reflect that the court operations assessment, the criminal conviction assessment, and the criminal justice administrati[on] fee have been stayed." Counsel further requested that the trial court "order correction of the minutes and the abstract of judgment to reflect that the restitution fine pursuant to section 1202.4 has been stayed, in view of your implied finding that [defendant] lacks the ability to pay fines and fees." Finally, counsel requested that the trial court "order correction of the minutes and the abstract of judgment to reflect that the fine imposed pursuant to section 290.3 is $0 in view of your implied finding that [defendant] lacks the ability to pay fines and fees and, likewise, the penalty assessment on that fine is $0." Upon learning that the judge who presided over defendant's sentencing had retired, counsel re-addressed a similar letter to the trial court in May 2022.

In response, the trial court ordered that the abstract of judgment be corrected to reflect that the court operations assessment, the criminal conviction assessment, and the criminal justice administration fee are "stayed until ability to pay is proved by the district attorney." An amended abstract of judgment was issued on July 13, 2022, reflecting the staying of the three amounts "until the ability to pay is proved by [the district attorney]." However, the trial court found that it lacked jurisdiction to address defendant's remaining requests, as execution of the sentence had already begun. Defendant's appellate counsel requested reconsideration of the trial court's finding that it lacked jurisdiction to address the remaining issues regarding fees and fines, and the trial court denied the request for reconsideration. In the meantime, defendant filed a notice of appeal.[6]

---

[6] On September 10, 2021, this court granted defendant's request for relief from default for failure to timely file an operative appeal. Defendant filed an amended notice of appeal within the time period specified in this court's order.

## III. DISCUSSION

### A. *Criminal Justice Administration Fee*

Defendant initially contended in his opening brief that the abstract of judgment never properly reflected that the $129.75 criminal justice administration fee was stayed until the district attorney proves defendant's ability to pay the fee. In addition, defendant asserted that the district attorney will have no further opportunity to prove defendant's ability to pay the fee; therefore, this court should "order the trial court to prepare an amended abstract of judgment deleting any reference to the criminal justice administration fee of $129.75." The Attorney General responded by observing that the July 2022 amended abstract of judgment did, in fact, reflect that the criminal justice administration fee was stayed, along with the court operations assessment and the criminal conviction assessment. In reply, defendant acknowledges that the amended abstract of judgment does reflect the staying of the criminal justice administration fee, but defendant maintains that reference to this fee should be deleted from the abstract, because the district attorney will have no opportunity to establish defendant's ability to pay this fee and therefore the reference to the fee in the abstract of judgment is "potentially confusing."

Thus, the sole contention is now whether reference to the criminal justice administration fee should be deleted from the abstract of judgment altogether. Section 1237.2 generally requires a defendant to move the trial court to correct any error in the imposition or calculation of fines and fees before raising such an issue on appeal, where errors regarding fines and fees are the sole issue on appeal. Here, defendant did not ask the trial court to strike the criminal justice administration fee from the abstract altogether, only to reflect that the fee was stayed.

However, we observe that the statutory authority for this fee has been repealed. The probation report upon which the trial court's sentence was based referred to three statutes as the authority for imposing the criminal justice administration fee: Government

6

Code sections 29550, 29550.1, and 29550.2. The probation report and the trial court also specified that the fee was to be paid to the City of San Jose, so we presume that the statutory basis for the fee was former Government Code section 29550.1, which entitled cities to recover a criminal justice administration fee. Government Code section 6111 now provides: "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to . . . subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (*Id.*, subd. (a).) In other words, "by its plain terms," Government Code section 6111 "make[s] any unpaid portion of the identified assessments, as they existed on June 30, 2021, 'unenforceable and uncollectible' as of July 1, 2021. [Citation.]" (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626.) Further, "the statute *also* mandates that any portion of a judgment imposing those fees be vacated. Accordingly, based on the plain language of the statute, the unpaid balance of the . . . criminal justice administration fees must be vacated." (*Id.* at pp. 626-627, fns. omitted.) We therefore direct vacation of the unpaid balance of the criminal justice administration fee.

**B.** *Section 290.3 Fine and Penalty Assessments*

Defendant next challenges the imposition of the $300 fine under section 290.3 and the associated penalty assessments of $930. Defendant contends that the trial court exceeded its jurisdiction in imposing the fine and penalty assessments because he lacked the ability to pay such amounts.

Under section 290.3,[7] the trial court is required to impose a statutory fine for a person convicted of specified offenses unless the court finds the defendant is unable to

---

[7] "Every person who is convicted of any offense specified in subdivision (c) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for commission of the underlying offense, be punished by a fine of three hundred dollars (continued)

7

pay the fine. (*People v. McMahan* (1992) 3 Cal.App.4th 740, 749.) Because the defendant is the person most knowledgeable about the defendant's ability to pay, "[i]t should be incumbent upon the defendant to affirmatively argue against application of the fine and demonstrate why it should not be imposed." (*Id.* at pp. 749-750.) The court is not required to make express findings on the record in deciding to impose, or to not impose, a fine under section 290.3. (*People v. Burnett* (2004) 116 Cal.App.4th 257, 261 (*Burnett*).) "Section 290.3 does not limit the evidence the trial court may consider in determining a defendant's ability to pay the sex offender fine. Consequently, the trial court may consider all evidence relevant to ability to pay, including the amount of any fine or restitution ordered and the defendant's potential future income. Following a consideration of the facts and after concluding the defendant does not have the ability to pay, the trial court may properly decline to impose the sex offender fine." (*Ibid.*)

The trial court here did not explicitly make a finding that defendant either had or did not have the ability to pay the fine under section 290.3. However, we may imply that the trial court found defendant had the ability to pay, and we presume that the trial court made the requisite findings to support its judgment. (See *Burnett*, *supra*, 116 Cal.App.4th at p. 261.) While "we must draw all reasonable inferences in favor of the [order]" (*People v. Mercer* (1999) 70 Cal.App.4th 463, 467), there must be substantial evidence to support the implied finding.

Assuming without deciding that defendant did not waive or forfeit this issue by failing to specifically refer to the section 290.3 fine and failing to present any evidence as to his claimed indigency, we find that there was substantial evidence to support an implicit finding that defendant had the ability to pay the section 290.3 fine. As the Attorney General notes, defendant was sentenced to a lengthy term of confinement,

---

($300) upon the first conviction or a fine of five hundred dollars ($500) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine." (§ 290.3, subd. (a).)

during which time he could be expected to earn wages to help offset any fines or fees. (See *Burnett*, *supra*, 116 Cal.App.4th at p. 261 [court may consider the defendant's "potential future income" in determining whether to impose a § 290.3 fine].) Defendant counters by asserting that he could not earn enough money in prison wages to offset the totality of the section 290.3 fine plus the penalty assessments. However, defendant's position is based in part on his assertion that he suffers from "a variety of physical maladies" that "call into serious question" the proposition that he could earn sufficient money in confinement to cover these amounts. Defendant does not specify the nature of those medical issues or how they impact his ability to work, and the trial court also rejected defendant's motion to withdraw his pleas based on his asserted medical issues, finding that defendant's medical issues provided "no indication [at the time of defendant's pleas] of any diminished capacity."

The trial court had the opportunity to observe defendant at the sentencing hearing before imposing the section 290.3 fine, and the trial court was in the best position to evaluate defendant's physical condition in relation to his ability to work and earn wages in the future. (*People v. Staley* (1992) 10 Cal.App.4th 782, 786.) Additionally, defendant's argument that he could not earn the entirety of the section 290.3 fine and the penalty assessments does not preclude an implied ability to pay finding. (*People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377) [upholding restitution fine despite agreeing that the defendant could not earn sufficient wages in prison to completely offset the fine].) The fact that defendant was represented by a public defender is not dispositive in determining whether defendant had the ability to pay these amounts. (*People v. Santos* (2019) 38 Cal.App.5th 923, 933.) Substantial evidence existed to support the trial court's implied finding that defendant had the ability to pay the section 290.3 fine.

Defendant asserts that because the trial court agreed to stay the court operations assessment, the criminal conviction assessment, and the criminal justice administration fee, it erred in imposing the section 290.3 fine. We see no necessary contradiction in

9

the trial court's actions. The trial court did not determine one way or the other whether defendant had the ability to pay the court operations assessment, the criminal conviction assessment, and the criminal justice administration fee; it merely stayed enforcement of these amounts until the district attorney presented evidence on the question, and defendant did not specifically ask the trial court to extend the stay to other fines and fees. Even if the trial court did determine that defendant lacked the ability to pay some fees, this does not mean the trial court necessarily determined that defendant could not pay any fees or fines. (See *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1075-1076 [holding that a defendant could lack the ability to pay costs of court-appointed counsel yet be able to pay a restitution fine or other fees].) We therefore find that substantial evidence supports the trial court's implied finding that defendant had the ability to pay the $300 section 290.3 fine.

Defendant's argument concerning the penalty assessments is based wholly on the section 290.3 fine, asserting that penalty assessments are calculated using the amount of the section 290.3 fine, which he posits should be nothing. Because we find no error in the imposition of the section 290.3 fine, defendant's argument concerning the penalty assessments necessarily fails.

### C. *Restitution Fines under Sections 1202.4 and 1202.45*

Defendant asserts that under *Dueñas*, the trial court abused its discretion in imposing the $300 restitution fine (§ 1202.4) and the associated $300 suspended parole revocation restitution fine (§ 1202.45), because "the defense established [defendant's] inability to pay 'all' fines and fees, and no rebuttal evidence was presented to establish his ability to pay 'some' fines and fees."

In *Dueñas*, the Second District Court of Appeal held that "although the trial court is required by Penal Code section 1202.4 to impose a restitution fine, the court must stay the execution of the fine until and unless the People demonstrate that the defendant has

the ability to pay the fine." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1172.)[8]  Here, however, defendant does not argue that the trial court should have conducted an ability to pay hearing.  Instead, defendant asserts that the trial court "abused its discretion in imposing restitution fines not supported by substantial evidence after determining that [defendant] lacked the ability to pay them."  In other words, defendant disagrees with the trial court's implied ability to pay finding; he does not contend that he lacked the opportunity to present the issue of ability to pay to the trial court.  Thus, defendant's reliance on *Dueñas* is misplaced.

As was the case with the section 290.3 fine above, the trial court was presented with substantial evidence that would support a conclusion that defendant had the ability to pay restitution fines, including the length of defendant's sentence to confinement and the absence of any apparent mental or physical impediment that would impact defendant's ability to earn prison wages.[9]  Defendant's disagreement with the trial court's conclusion is focused on the fact that the trial court stayed the court operations assessment, the criminal conviction assessment, and the criminal justice administration fee until the district attorney could demonstrate defendant's ability to pay these amounts.  As was the case with the section 290.3 fine above, we see no inconsistency in the trial court staying some amounts while imposing the fine under section 1202.4 and the suspended fine under section 1202.45.  The trial court gave defendant the opportunity to

---

[8] The California Supreme Court has granted review of two related issues in light of *Dueñas*:  1) Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and 2) If so, which party bears the burden of proof regarding defendant's inability to pay.  (*People v. Kopp* (2019) 38 Cal.App.5th 47, 95 [citing *Dueñas* in holding that a trial court erred by not conducting an ability to pay hearing for court facilities and court operations assessments after the defendant explicitly raised the issue below], review granted Nov. 13, 2019, S257844.)

[9] Because we determine that substantial evidence supports an implied ability to pay finding, we need not decide whether *Dueñas* was correctly decided.

11

raise the ability to pay issue. Defendant presented no evidence to rebut the information in the probation report indicating an ability to pay these two fines.

Finally on this issue, defendant asked this court to take judicial notice of a brief in a case pending before the California Supreme Court in which the Attorney General cited *Dueñas* in taking a position regarding whether and to what extent courts must consider defendants' ability to pay as a factor when setting fines and fees. Judicial notice should be taken only of relevant matters. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135, fn. 1; *Aquila, Inc. v. Superior Court* (2007) 148 Cal.App.4th 556, 569.) Our resolution of defendant's due process issue does not depend on the Attorney General's position in a different case before the Supreme Court. We therefore deny defendant's request for judicial notice.

## IV. DISPOSITION

The portion of the $129.75 criminal justice administration fee that remained unpaid as of July 1, 2021, is vacated. The clerk of the superior court is directed to amend the abstract of judgment to reflect the vacatur of any balance of the criminal justice administration fee that remained unpaid as of July 1, 2021. The clerk shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As amended, the judgment is affirmed.

12

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

DANNER, J.

_____

WILSON, J.

*People v. Moody*
**H049039**